UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA SOLEDAD TORRES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations<br><br>Defendant. | NO. C17-5786-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Maria Soledad Torres appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 63-year-old woman with a high school diploma and an associate's degree. Administrative Record ("AR") at 39, 397. Her past work experience includes employment as an office assistant. AR at 164. Plaintiff was last gainfully employed in March 2012. AR at 17.

In October 2013, Plaintiff applied for DIB, alleging an onset date of February 15, 2011.

REPORT AND RECOMMENDATION - 1

AR at 147-48. Plaintiff asserts that she is disabled due to knee arthritis, swelling in legs and knees, high blood pressure, high cholesterol, and a wrist injury. AR at 163.

The Commissioner denied Plaintiff's application initially and on reconsideration. AR at 86-92, 94-98. Plaintiff requested a hearing, which took place on March 31, 2016. AR at 33-62. On May 25, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 15-28. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On September 29, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 4.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

REPORT AND RECOMMENDATION - 2

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Torres bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

V.   DECISION BELOW

On May 25, 2016, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

2. The claimant has engaged in substantial gainful activity during the following periods: March 1, 2012, through March 31, 2012.

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: obesity; congestive heart failure; degenerative joint disease bilateral knees; and left shoulder disorder.

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

6. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with additional vocational limitations. She can occasionally climb ramps/stairs, stoop, and balance. She can never climb ladders/ropes/scaffolds, kneel, crouch, and crawl. She can have occasional exposure to extreme cold, extreme heat, humidity, and vibrations. She should have no exposure to hazards (i.e. exposed moving mechanical parts, unprotected heights, etc.). She should not be required to operate a motor vehicle as part of her work duties. She is limited to frequent reaching with her left upper extremity.

7. The claimant is unable to perform any past relevant work.

8. The claimant was born on XXXXX, 1954 and was 56 years old, which is defined as an individual of advanced age, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching retirement age.[2]

9. The claimant has at least a high school education and is able to communicate in English.

10. The claimant has acquired work skills from past relevant work.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

11. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

12. The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 2011, through the date of this decision.

AR at 17-28.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in assessing the opinion of examining psychologist William Weiss, Ph.D.; and

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony.

Dkt. 10 at 2.

## VII. DISCUSSION

A. The ALJ did not err in assessing Dr. Weiss's opinion.

Dr. Weiss examined Plaintiff in September 2014, and the "medical source statement" section of his opinion report reads in its entirety:

> Maria Torres is able to reason. She did well on the cognitive portion of the Mental Status Examination. She does need further understanding of the etiology of her depression and anxiety, and this can be obtained in psychotherapy. She is in therapy with Dr. Thornbeck. Memory is intact. Sustained concentration and persistence are somewhat impaired by her depression and anxiety. She associates with her family. Social interaction is somewhat limited by her anxiety and depressive problems. Adaptation is impaired by these problems as well. At the present time, however, she would not be prevented from maintaining gainful employment by her psychological problems.

AR at 402.

The ALJ adopted "in part" Dr. Weiss's conclusion that Plaintiff's psychological problems would not preclude work, but rejected his opinion that she was "somewhat limited" as to sustained concentration and persistence, social interaction, and adaptation. AR at 19.

REPORT AND RECOMMENDATION - 6

The ALJ found that Dr. Weiss's opinion was vague as to the degree of impairment and did not reference specific vocational limitations. *Id.* The ALJ also found that Dr. Weiss did not indicate what Plaintiff's limitations would be if she had continued counseling and medication management. *Id.* Lastly, the ALJ found the limitations suggested by Dr. Weiss to be uncorroborated by the record as a whole. *Id.*

Plaintiff argues that the ALJ's reasons for discounting Dr. Weiss's opinion are not legally sufficient, and that even if her mental health conditions were not severe, the ALJ should nonetheless have included mental limitations in her RFC assessment.

1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996). The ALJ must consider the limiting effects of all of a claimant's impairments, including those that are not severe, in determining his or her RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p.

2. *The ALJ provided legally sufficient reasons to discount Dr. Weiss's opinion.*

Plaintiff argues that the ALJ erred in failing to account for Dr. Weiss's opinion that her mental health conditions "somewhat impaired" her sustained concentration, persistence, social

REPORT AND RECOMMENDATION - 8

interaction, and adaptation. Dkt. 10 at 6. Plaintiff contends that if the ALJ believed that Dr. Weiss's opinion was vague, she had a duty to recontact him to determine a more precise opinion on the extent of Plaintiff's limitations. Dkt. 10 at 8.

The ALJ could have further developed the record regarding the extent of Dr. Weiss's opinion, but Plaintiff has not shown that the ALJ's was required to do so, because the record was not either ambiguous or inadequate. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("Rejection of the treating physician' opinion on ability to perform any remunerative work does not by itself trigger a duty to contact the physician for more explanation."); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Here, Dr. Weiss indicated that whatever the degree of Plaintiff's limitations, they would not preclude work, and the ALJ properly assessed those limitations in light of Dr. Weiss's conclusion that the limitations were of minimal impact. The State agency consultant reviewed Dr. Weiss's opinion and the remainder of the record and found that the evidence established only mild limitations as to the "paragraph B" criteria and no evidence of repeated episodes of decompensation of extended duration. AR at 78. Under these circumstances, where Dr. Weiss's opinion does not suggest any particular functional limitations, and instead emphasized that Plaintiff's conditions would not preclude work, and the ALJ properly discounted the opinion as less probative to the ALJ's assessment of Plaintiff's RFC. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that an RFC must include all of the claimant's functional limitations supported by the record).

Moreover, the ALJ also provided other reasons to discount Dr. Weiss's opinion. The ALJ noted that at the time Dr. Weiss examined Plaintiff, she told him she had been seeing a

REPORT AND RECOMMENDATION - 9

counselor for about a month. AR at 19. Dr. Weiss commented on various aspects of Plaintiff's insight and prognosis that would be benefited by continued therapy and medication management. AR at 402. At the administrative hearing, Plaintiff explained that she stopped seeing her counselor in February 2015, after about seven months of treatment. *See* AR at 45-47, 679-701. The ALJ thus reasoned that because Dr. Weiss did not have the opportunity to comment on the effect of Plaintiff's conditions if she had continued with long-term therapy and medication management, his opinion was entitled to less weight. AR at 19. This reasoning is legitimate because an ALJ properly considers whether a claimant's conditions are amenable to treatment in determining whether they are disabling. *See Warre v. Comm'r of the Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Given Dr. Weiss's inability to comment on how Plaintiff's conditions might improve with continued therapy and medication management, the ALJ reasonably found Dr. Weiss's opinion to be undermined by his lack of longitudinal perspective.

Lastly, the ALJ noted that Dr. Weiss's opinion was not corroborated by the record, which included a State agency psychological opinion (AR at 77-79) rendered in reliance on Dr. Weiss's opinion in addition to therapy records, as well as evidence that Plaintiff's mental conditions were treated conservatively, that Plaintiff's mental status examinations were unremarkable, and that Plaintiff engaged in a variety of daily activities. AR at 19-20. The ALJ concluded that the record showed that Plaintiff's mental conditions did not result in her being "very limited" by her impairments, in contrast with Dr. Weiss's opinion regarding the existence of some unspecified limitations in various categories. *Id*. The ALJ's characterization of the record is supported by substantial evidence, and the ALJ did not err in discounting Dr. Weiss's opinion as inconsistent with the record. *See Tommasetti v. Astrue*, 533

F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity). Because the ALJ properly found that the record showed that Plaintiff's mental limitations were insignificant, the ALJ did not err in failing to include unspecified limitations referenced by Dr. Weiss in the RFC assessment.

In sum, the ALJ provided multiple specific and legitimate reasons to discount Dr. Weiss's opinion, and therefore Plaintiff has failed to establish error in the ALJ's decision in this respect.

B.   <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

The ALJ discounted Plaintiff's testimony for two reasons, namely: (1) she is able to engage in a wide range of activities, despite her conditions (specifically, working for a month in 2012, working out at a gym three times a week, performing household chores, crocheting, painting, using a tablet computer, and driving), and (2) the objective medical evidence does not corroborate Plaintiff's allegations of disabling physical limitations, and instead shows that her knee condition improved with treatment. AR at 24-25. Plaintiff argues that these reasons are not legally sufficient.

1.   *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms.

REPORT AND RECOMMENDATION - 11

20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722.  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[3]  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).  *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.  The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

    2.    *Activities*

Plaintiff argues that the activities described by the ALJ are not inconsistent with her allegations.  Dkt. 10 at 11.  She is mistaken, however, because she testified that she could not

---

[3] In SSR 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation."  SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility, however.

REPORT AND RECOMMENDATION - 12

stand for more than a few seconds (AR at 44) and cannot sit without propping her legs up (AR at 49), but these limitations are reasonably inconsistent with (1) Plaintiff's work in insurance customer service after the alleged onset date (AR at 42), which ended due to lack of work rather than Plaintiff's impairments; (2) Plaintiff's reported ability to complete household chores and prepare meals (AR at 400); and (3) Plaintiff's ability to drive.  Plaintiff reported an ability to perform activities inconsistent with her alleged limitations, and the ALJ did not err in discounting her testimony on that basis.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").  Plaintiff's ability to work during the adjudicated period also undermines her allegation of an inability to work.[4]

        3.      *Objective medical evidence*

The ALJ cited evidence related to Plaintiff's knee and shoulder impairments, concluding that the evidence did not corroborate the severity of the sitting, standing, and walking limitations described by Plaintiff.  AR at 25.  Specifically, the ALJ cited evidence that Plaintiff's knee injections "provided significant relief[,]" and that she reported an ability to walk on a treadmill with only mild pain.  *Id*. (citing AR at 499).

Plaintiff contends that the ALJ "never related [her discussion of the medical evidence] back to Plaintiff's allegations" (Dkt. 10 at 10), but overlooks the section of the ALJ's decision

---

[4] Plaintiff's brief emphasizes that she worked prior to her protective filing date (Dkt. 10 at 10), but that date does not determine the adjudicated period: the ALJ's decision addresses whether Plaintiff was disabled after her alleged onset date (February 15, 2011).  Plaintiff does not dispute that her work in 2012 occurred during a time that she claimed to be disabled, and did not challenge the ALJ's step-one findings to that effect.  *See* AR at 17.
In her reply brief, she argues that her 2012 work should be interpreted to mean that she may have been able to work in 2012, but not thereafter.  Dkt. 14 at 6.  Nonetheless, she alleged that she became unable to work in February 2011, and thus work activity in March 2012 undermines that allegation and supports the ALJ's determination.

REPORT AND RECOMMENDATION - 13

discussed in the previous paragraph.  The ALJ did not err in considering whether Plaintiff's condition was amenable to treatment and whether the objective treatment notes corroborate her allegations of an inability to stand for more than a few seconds.

Because the ALJ provided clear and convincing reasons to discount Plaintiff's subjective testimony, the ALJ's assessment of her testimony should be affirmed.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 11, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 13, 2018**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 27th day of June, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14